IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAMPTON DELLINGER, *Plaintiff*, v. SCOTT BESSENT, *et al.*, *Defendants*. | Civil Action No. 1:25-cv-00385-ABJ |

**DEFENDANTS' MOTION TO STAY THE COURT'S ADMINISTRATIVE STAY**

On February 7, 2025, the President removed Plaintiff Hampton Dellinger as the head of the Office of Special Counsel (OSC). Plaintiff filed this action on February 10, 2025, ECF No. 1, and later that day, filed a motion for a temporary restraining order, ECF No. 2. Just a few hours later—and before Defendants could even file a brief in response to Plaintiff's motion for a temporary restraining order—this Court ordered an "administrative stay," ordering Plaintiff to be reinstated to the position that he no longer occupied. *See* February 10, 2025 Minute Order. This order is an extraordinary—indeed, unprecedented—intrusion into the President's authority. Accordingly, Defendants have now appealed the Court's administrative stay and are requesting an emergency stay pending appeal from the United States Court of Appeals for the D.C. Circuit. Out of an abundance of caution to ensure compliance with Federal Rule of Appellate Procedure 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."), Defendants respectfully submit this motion to stay the Court's administrative stay pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties

interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh in favor of a stay.

First, this Court's order greatly intrudes on the President's lawful authority. The Supreme Court has made clear—twice, and recently—that Article II precludes Congress from placing limits on the President's authority to remove principal officers of the United States who serve as sole heads of an Executive Branch agency. *Collins v. Yellen*, 594 U.S. 220 (2021); *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020). And in the wake of *Seila Law* and *Collins*, President Biden recently removed the Commissioner of Social Security without cause, contrary to the statutory limitations that restricted removal over that agency head except for "neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3). The only courts of appeals to have considered the question—the Ninth and Eleventh Circuits—have both concluded that the removal restrictions for the single-headed Social Security Administration are unconstitutional. *Kaufmann v. Kijakazi*, 32 F.4th 843, 848-849 (9th Cir. 2022); *Rodriguez v. SSA*, 118 F.4th 1302, 1313-1314 (11th Cir. 2024). In removing Plaintiff as the head of OSC, another Executive Branch agency with a single head, the President merely exercised the same authority that President Biden did in removing the Social Security Commissioner and that the Supreme Court recognized as lawful in *Seila Law* and *Collins*. Thus, Defendants have made a "strong showing" that they are likely to succeed on the merits on appeal. *See Hilton*, 481 U.S. at 776.

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the government). The Court's "administrative stay"—in which it restored Plaintiff to the office from which the President had removed him, enjoined any efforts to impede his "access to the resources or materials of that office," and barred the installation of "any other person as Special Counsel"—is an extraordinary act. It is an unprecedented intrusion into the President's authority to exercise "all of" "the 'executive Power'" of the United States, *Seila Law*, 590 U.S. at 203, as Defendants are unaware of any other occasion in American history where a federal court has purported to reinstall a principal officer of the United States after the President has removed him. As a result of the Court's order, a person the President has chosen to remove from office is exercising executive power over the

President's objection. That sort of harm to the Executive, and to the constitutional separation of powers, is transparently irreparable.

Conversely, Plaintiff has not established that he will suffer irreparable harm if the Court's order is stayed pending appeal. A stay is not necessary to prevent any cognizable harm to Plaintiff. *See English v. Trump*, 279 F. Supp. 3d 307, 336 (D.D.C. 2018) (no irreparable harm to plaintiff who alleged that she had wrongfully been prevented from serving as Acting CFPB Director). And to the extent Plaintiff asserts irreparable harm to the functioning of OSC itself, that assertion is misplaced, both because OSC can continue to function with an Acting Special Counsel (who had already assumed Plaintiff's role before the district court's order) and because Plaintiff would lack standing to raise such a harm.

For these reasons, the Court should grant a stay of its administrative stay pending resolution of Defendants' appeal.

Dated: February 11, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Acting Assistant Attorney General*

CHRISTOPHER R. HALL
*Assistant Branch Director*

/s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*