IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HAMPTON DELLINGER, *Plaintiff*, v. SCOTT BESSENT, *et al.*, *Defendants*. | Civil Action No. 1:25-cv-00385-ABJ |

## DEFENDANTS' MOTION TO STAY THE COURT'S TEMPORARY RESTRAINING ORDER

On February 7, 2025, the President removed Plaintiff Hampton Dellinger as the head of the Office of Special Counsel (OSC). Plaintiff filed this action on February 10, 2025, ECF No. 1, shortly thereafter moving for a temporary restraining order, ECF No. 2. Just a few hours later, following a quickly noticed hearing but before Defendants were able to submit a written opposition to Plaintiff's motion, the Court entered an "administrative stay," ordering Plaintiff to be reinstated to the position that he no longer occupied through midnight on February 13. *See* February 10, 2025 Minute Order. On February 12, 2025, the Court granted Plaintiff's motion, issuing a temporary restraining order stating that Plaintiff "shall continue to serve as the Special Counsel" and that Defendants "may not deny him access to the resources or materials of that office or recognize the authority of any other person as Special Counsel." Order, ECF No. 14 at 26.

This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants have now appealed the Court's order and are requesting an emergency stay pending appeal from the United States Court of Appeals for the D.C. Circuit. Out of an abundance of caution to ensure compliance with Federal Rule of Appellate Procedure 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."),

1

Defendants respectfully move the Court to stay its temporary restraining order pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh in favor of a stay.

First, Plaintiff has fallen far short of the required "strong showing" that he is likely to succeed on the merits. The Supreme Court has made clear—twice, and recently—that Article II precludes Congress from placing limits on the President's authority to remove principal officers of the United States who serve as sole heads of an Executive Branch agency. *Collins v. Yellen*, 594 U.S. 220 (2021); *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020); *see also* Order, *Dellinger v. Bessent*, No. 25-5025 (D.C. Cir.) (Katsas, J., concurring) ("[I]t would be difficult for Dellinger to show a likelihood of success in light of *Collins v. Yellen*, 594 U.S. 220 (2021), and *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020), which held that Article II of the Constitution prevents Congress from restricting the President's ability to remove officers who serve as the sole heads of agencies that wield significant executive power."). And in the wake of *Seila Law* and *Collins*, President Biden recently removed the Commissioner of Social Security without cause, contrary to the statutory limitations that restricted removal over that agency head except for "neglect of duty or malfeasance in office." 42 U.S.C. § 902(a)(3). The only courts of appeals to have considered the question—the Ninth and Eleventh Circuits—have both concluded that the removal restrictions for the single-headed Social Security Administration are unconstitutional. *Kaufmann v. Kijakazi*, 32 F.4th 843, 848-849 (9th Cir. 2022); *Rodriguez v. SSA*, 118 F.4th 1302, 1313-1314 (11th Cir. 2024). In removing Plaintiff as the head of OSC, another Executive Branch agency with a single head, the President merely exercised the same authority that President Biden did in removing the Social Security Commissioner and that the Supreme Court recognized as lawful in *Seila Law* and *Collins*.

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the

government). The Court's temporary restraining order—in which it reinstalled Plaintiff in the office from which the President had removed him—is an extraordinary act. It is an unprecedented intrusion into the President's authority to exercise "all of" "the 'executive Power'" of the United States, *Seila Law*, 590 U.S. at 203. As a result of the Court's order, a person the President has chosen to remove from office is exercising executive power over the President's objection. That sort of harm to the Executive, and to the constitutional separation of powers, is transparently irreparable.

Conversely, Plaintiff has not established that he will suffer irreparable harm if the Court's order is stayed pending appeal. *See* Order, *Dellinger v. Bessent*, No. 25-5025 (Katsas, J., concurring) ("[I]t it would be difficult for Dellinger to show irreparable injury during whatever modest amount of time may be necessary to adjudicate an expedited motion for preliminary injunction, either to himself or to an agency that would otherwise have a presidentially designated acting head."). And to the extent Plaintiff asserts irreparable harm to the functioning of OSC itself, that assertion is misplaced, both because OSC can continue to function with an Acting Special Counsel and because Plaintiff would lack standing to raise such a harm.

For these reasons, the Court should grant a stay of its temporary restraining order pending resolution of Defendants' appeal.

Dated: February 12, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Acting Assistant Attorney General*

CHRISTOPHER R. HALL
*Assistant Branch Director*

/s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530

Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*