UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **HAMPTON DELLINGER** *in his personal capacity and in his official capacity as Special Counsel of the Office of Special Counsel*, <br><br> Plaintiff, <br><br> v. <br><br> **SCOTT BESSENT** *in his official capacity as Secretary of the Treasury, et al.*, <br><br> Defendants. | Civil Action No. 25-0385 (ABJ) |

## ORDER

As of Friday, February 7, 2025, at 7:21 p.m., plaintiff Hampton Dellinger was the Special Counsel of the Office of Special Counsel, having been appointed by the President and confirmed by the Senate. At 7:22 p.m., Sergio N. Gor, identified as an Assistant to the President, Director of Presidential Personnel Office, informed plaintiff that his position was terminated without identifying any reason. Ex. A to Compl. [Dkt. # 1-1] at 1.

On Monday, February 10, 2025, plaintiff sued to challenge the purported termination, and he moved for a temporary restraining order. *See* Compl. [Dkt. # 1]; Pl.'s Mot. for a Temporary Restraining Order [Dkt. # 2] ("Pl.'s TRO"). On that date, the Court entered a short administrative stay preserving the status quo while the parties briefed the matter, citing authority defining "status quo" as "'the regime in place' before the challenged action . . . or 'the last uncontested status which preceded the pending controversy.'" *See* Minute Order (Feb. 10, 2025), quoting *Huisha-Huisha v. Mayorkas*, 27 F.4th 718, 733–34 (D.C. Cir. 2022) and *District 50, United Mine Workers of Am.*

*v. Int'l Union, United Mine Workers of Am.*, 412 F.2d 165, 168 (D.C. Cir. 1969).  Defendants filed their opposition to the temporary restraining order the next day, February 11.  *See* Defs.' Opp. to Pl.'s TRO [Dkt. # 11].

On February 12, 2025, the Court issued a temporary restraining order.  *See* Order [Dkt. # 14].  It was entered with notice to the opposing party, and it stated that it would remain in force until the Court ruled on plaintiff's request for preliminary injunction.  *See id.* at 26 ("[F]rom the date of entry of this order until the Court rules on the entry of preliminary injunction, plaintiff Hampton Dellinger shall continue to serve as Special Counsel . . . .").  The Court scheduled the preliminary injunction hearing for a date 14 days later:  February 26.  *Id.* at 27.  Given the terms of Federal Rule of Civil Procedure 65 and the understandings expressed by the Supreme Court and the Court of Appeals, the temporary restraining order expires today.

When the TRO was issued on February 12, plaintiff had not yet had the opportunity to reply to the defendants' opposition, so the Court established a briefing schedule.  It also directed the parties to inform the Court of their positions as to whether the Court should advance the consideration of the merits and consolidate it with the preliminary injunction hearing under Rule of Civil Procedure 65(a)(2) by February 14, 2025.  *Id.* at 26–27.

In the meantime, on February 12, defendants noticed an appeal of the temporary restraining order.  *See* Defs.' Notice of Appeal [Dkt. # 15].

On February 14, the Court received a joint status report from the parties with their positions on consolidation:  plaintiff deferred to the Court, and defendants stated their preference for utilizing the procedure that would result in the prompt issuance of a decision on the merits.  *See* Joint Status Report [Dkt. # 20] at 1–2.  Based on that submission, the Court entered an order consolidating the preliminary injunction with the merits, and it called for the expeditious

submission of cross motions for summary judgment, culminating with the hearing today and the final reply being filed tomorrow.  *See* Minute Order (Feb. 15, 2025).  It also informed the parties that they had the option of incorporating or relying upon previously filed memoranda in support of those motions.  *Id.*

On February 15, 2025, the Court of Appeals dismissed defendants' appeal for lack of jurisdiction since the temporary restraining order was not a final order.  *See* Order, *Dellinger v. Bessent*, 25-5028 (Feb. 15, 2025).  On February 16, defendants filed an application with the Supreme Court seeking immediate review of the temporary restraining order.  *See* Appl. to Vacate the Order, *Bessent v. Dellinger*, No. 24A (Feb. 16, 2025).  On February 20, plaintiff filed his reply to the opposition to the motion for interim relief, raising some arguments that had not been advanced in the initial motion.

On Friday, February 21, 2025, five days after the application was filed, the Supreme Court announced that it would hold the application in abeyance for the remainder of the fourteen days until the temporary restraining order was due to expire, that is, until Feb 26, the date of the hearing.  *Bessent v. Dellinger*, 604 U.S. __ (2025).

Under Federal Rule of Civil Procedure 65(b)(2), a temporary restraining order without notice is valid for a period "not to exceed 14 days . . . unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). While Rule 65(b)(2) is silent on the timeline for temporary restraining orders entered with notice, it is generally accepted that the standard fourteen days followed by a fourteen-day extension for good cause applies to a TRO entered with notice as well.  *See* 11A Charles A. Wright, *Federal Practice & Procedure* § 2953 (3d ed. 2024) ("The text of Rule 65(b) seems to exclude any possibility that a temporary restraining order can remain in force beyond 28

days. . . . It also has been held that this time limitation applies even when the order is not issued *ex parte* and both notice and a hearing are held."). If a TRO lasts longer than twenty-eight days, courts will construe it to be a preliminary injunction, which would be appealable immediately. *Id.*; *see Nat'l Mediation Bd. v. Airline Pilots Ass'n, Int'l*, 323 F.2d 305, 305 (D.C. Cir. 1963).

The Court is well aware that the case is in the very unusual posture of being the subject of an application before the Supreme Court before a final order has been issued and before the United States Court of Appeals for the District Columbia has had the opportunity to review that final order. It recognizes that the Supreme Court – with the understanding that the TRO expires at midnight tonight – is holding the application in abeyance until that time. So it is incumbent upon this Court to resolve this matter even more expeditiously than the Federal Rules of Civil Procedure would ordinarily permit; and the Court will do so.

Given the significance of the constitutional questions presented, though, it is also incumbent upon the Court to give full consideration to all of the arguments advanced during today's hearing before it finalizes its opinion. It is also necessary to give close consideration to all of the pleadings submitted by the parties after the TRO issued, and to rule on questions raised after the defendants asked the Supreme Court to take the case. This includes defendants' thirty-page motion for summary judgment [Dkt. 22], filed on Friday, February 21, which advances arguments concerning the Court's authority to impose equitable remedies for the first time before this Court; plaintiff's forty-page opposition and cross motion for summary judgment, filed on Monday, February 24; defendants' reply, filed on February 25; and plaintiff's cross opposition, which is not due until tomorrow. This is particularly true now that the motion for a preliminary injunction has been consolidated with the merits, as defendants requested.

At the hearing, the Court solicited the parties' views on the matter. Plaintiff agrees that a short extension in accordance with the Federal Rules would be appropriate to facilitate full consideration of the positions of the parties and the arguments made at the hearing. He also noted that once the Court ruled on the merits in a final, appealable order, the TRO would be vacated, and the application would be moot. While counsel for the defendants indicated a lack of familiarity with the relevant legislative history and proposed to look into it as the subject of a supplemental filing, she voiced defendants' objection to any extension of the TRO for the same reasons they opposed it in the first place.

In consideration of all of these circumstances, then, the Court finds, pursuant to Rule 65(b)(2), that there is good cause to extend the temporary restraining order for an additional three days, through Saturday, March 1, so that the status quo will be preserved for the brief period of time it takes to complete the written opinion on the consolidated motion for preliminary injunction and cross motions for summary judgment.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE: February 26, 2025