IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HAMPTON DELLINGER,

        *Plaintiff*,

v.

SCOTT BESSENT, *et al.*,

        *Defendants*.

Civil Action No. 1:25-cv-00385-ABJ

**DEFENDANTS' MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

      Plaintiff filed this action on February 10, 2025, ECF No. 1, challenging the President's decision to remove him as Special Counsel on February 7, 2025. Plaintiff also moved for a temporary restraining order, ECF No. 2. Later that day, the Court entered an "administrative stay," ordering Plaintiff to be reinstated as Special Counsel through midnight on February 13. *See* February 10, 2025 Minute Order. On February 12, 2025, the Court granted Plaintiff's motion for a temporary restraining order, requiring that Plaintiff "shall continue to serve as the Special Counsel" and that Defendants "may not deny him access to the resources or materials of that office or recognize the authority of any other person as Special Counsel." Order, ECF No. 14.

      The parties agreed to consolidate the Court's consideration of the Plaintiff's request for a preliminary injunction with the merits, *see* February 15, 2025 Minute Order, and the parties cross-moved for summary judgment. *See* ECF Nos. 22, 23. The Court held a hearing on February 26, 2025, the day the temporary restraining order expired. Later that day, the Court issued an order extending the temporary restraining order for three days, through March 1, 2025. *See* ECF No. 27. On March 1, 2025, the Court issued a memorandum opinion and order granting Plaintiff's cross-motion for summary judgment and denying Defendants' motion for summary judgment. *See* ECF Nos. 32, 33.

1

Specifically, the order declared that Plaintiff "is the Special Counsel of the Office of Special Counsel" and that "any recognition of an Acting Special Counsel in his place is unlawful." ECF No. 33 at 1-2. The order also enjoined Defendants Bessent, Gor, Gorman, Kammann, and Vought, stating that they "must recognize [P]laintiff's title and position as Special Counsel of the Office of Special Counsel; they must not obstruct or interfere with his performance of his duties; they must not deny him the authority, benefits, or resources of his office; they must not recognize any Acting Special Counsel in his place; and they must not treat him in any way as if he has been removed, or recognize any other person as Special Counsel or as the head of the Office of Special Counsel, unless and until he is removed from office in accordance with 5 U.S.C. §1211(b)." *Id.* at 2.

This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants have now appealed the Court's order and intend to request a stay pending appeal from the United States Court of Appeals for the D.C. Circuit. Out of an abundance of caution to ensure compliance with Federal Rule of Appellate Procedure 8(a) ("A party must ordinarily move first in the district court for . . . a stay of the judgment or order of a district court pending appeal."), Defendants respectfully move the Court to stay its order pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). Here, these factors weigh decisively in favor of a stay.

First, Defendants have made a "strong showing" that they are likely to succeed on the merits. The Supreme Court has made clear—twice, and recently—that Article II precludes Congress from placing limits on the President's authority to remove principal officers of the United States who serve as sole heads of an Executive Branch agency. *Collins v. Yellen*, 594 U.S. 220 (2021); *Seila Law LLC v. CFPB*, 591 U.S. 197 (2020); *see also Dellinger v. Bessent*, No. 25-5028, 2025 WL 559669, at *15 (D.C. Cir. Feb. 15, 2025) (Katsas, J., dissenting) ("Congress cannot constitutionally restrict the President's power to remove the Special Counsel" because the Special Counsel "undoubtedly wields executive power.").

On that basis, President Biden in 2021 fired the single head of the Social Security Administration without cause. *Rodriguez v. SSA*, 118 F.4th 1302, 1313-14 (11th Cir. 2024) (upholding President's ability to fire head of SSA without cause); *Kaufmann v. Kijakazi*, 32 F.4th 843, 848-49 (9th Cir. 2022) (same). In removing Plaintiff as the head of OSC, another Executive Branch agency with a single head, the President merely exercised the same authority that President Biden did in removing the Social Security Commissioner and that the Supreme Court recognized as lawful in *Seila Law* and *Collins*.

In addition, "[a]n injunction preventing the President from firing an agency head—and thus controlling how he performs his official duties—is virtually unheard of." *Dellinger*, 2025 WL 559669, at *14 (Katsas, J., dissenting). The relief entered by this Court "necessarily targets the president—the only official with the statutory and constitutional authority to appoint, remove, and supervise the Special Counsel." *Id.* at *13 n.2. It also exceeds the scope of the Court's equitable powers. Federal courts' equitable authorities are those traditionally available to a court sitting in equity at the Founding, *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 318 (1999), and the Supreme Court has long held that a court cannot, "by injunction, restrain an executive officer from making a wrongful removal of a subordinate appointee, nor restrain the appointment of another." *White v. Berry*, 171 U.S. 366, 377 (1898). And the declaratory judgment entered in this case is "essentially an equitable cause of action" because it has "virtually the same practical impact as a formal injunction would." *Samuels* v. *Mackell*, 401 U.S. 66, 70, 72 (1971).

Second, the balance of equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that these factors merge in cases involving the government). As a result of the Court's order, a person the President has chosen to remove from office is exercising executive power over the President's objection, a harm that is transparently irreparable. Indeed, Plaintiff has already filed multiple administrative actions before the Merit Systems Protection Board (MSPB) challenging executive agencies' firings of probationary employees. *See* U.S. Office of Special Counsel, *Special Counsel Dellinger Statement on Request that MSPB Stay Terminations of*

3

*Probationary Employees* (Feb. 24, 2025).[1] An MSPB member has granted the requested stays, according "[d]eference" to the Special Counsel's "initial determination." Stay Order at 3, *Special Counsel ex rel. John Doe v. Department* (MSPB Feb. 25, 2025).[2] Plaintiff then announced: "These stays represent a small sample of the probationary employees who have been fired recently so our work is far from done." U.S. Office of Special Counsel, *MSPB Grants Stays of Probationary Employee Terminations* (Feb. 25, 2025).[3]

Conversely, Plaintiff has not established that he will suffer irreparable harm if the Court's order is stayed pending appeal. Challenges to removals have historically been litigated through suits for back pay, not reinstatement. *See, e.g.*, *Humphrey's Executor v. United States*, 295 U.S. 602, 618 (1935). OSC's ability to function could be accomplished by means other than reinstating Plaintiff—namely, the appointment of a different individual as Special Counsel. And reinstating Plaintiff would potentially void all actions taken by him as Special Counsel while the Government seeks further review of this case. *See Collins*, 594 U.S. at 259 (private parties may be entitled to a remedy when an unconstitutional removal restriction "inflict[s] compensable harm," such as if "the President had attempted to remove [an agency head] but was prevented from doing so by a lower court decision").

For these reasons, the Court should grant a stay of its order pending resolution of Defendants' appeal.

Dated: March 1, 2025                                    Respectfully submitted,

                                                        YAAKOV M. ROTH
                                                        *Acting Assistant Attorney General*

                                                        CHRISTOPHER R. HALL
                                                        *Assistant Branch Director*

---

[1] https://osc.gov/News/Pages/25-22-Stay-Request-Probationary-Employees.aspx

[2] https://osc.gov/Documents/PPP/Formal%20Stays/Order%20on%20Stay%20Request%20(Redacted).pdf

[3] https://osc.gov/News/Pages/25-23-Stays-Granted-Probationary-Terminations.aspx

/s/ *Madeline M. McMahon*
MADELINE M. MCMAHON
(DC Bar No. 1720813)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 451-7722
Email: madeline.m.mcmahon@usdoj.gov

*Counsel for Defendants*