UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **HAMPTON DELLINGER** )<br>*in his personal capacity and* )<br>*in his official capacity as* )<br>*Special Counsel of the* )<br>*Office of Special Counsel*, )<br>                                                   )<br>            Plaintiff,     )<br>                                                   )<br>   v.                                          )<br>                                                   )<br>**SCOTT BESSENT** )<br>*in his official capacity as* )<br>*Secretary of the Treasury*, *et al.*, )<br>                                                   )<br>            Defendants.   )<br>                                                   ) | Civil Action No. 25-0385 (ABJ) |

## ORDER

On Saturday, March 1, 2025, the Court rendered its decision on the merits in this case. *See* Mem. Op. [Dkt. # 32]; Order [Dkt. # 33]. It granted plaintiff's motion for summary judgment on Count One of his complaint, ordered declaratory judgment and injunction relief, and denied defendants' motion for summary judgment. *See* Order. The same night, defendants noticed an appeal to the United States Court of Appeals for the District of Columbia. *See* Notice of Appeal [Dkt. # 34]. To ensure compliance with Federal Rule of Appellate Procedure 8(a), which requires them to "ordinarily move first in the district court for" a stay pending appeal, defendants also filed a motion to stay the Court's order pending appeal. *See* Motion to Stay the Ct.'s Order Pending Appeal [Dkt. # 36].

The court considers four factors in connection with a motion to stay: (1) whether the stay applicant has made a strong showing that they are likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Nken v. Holder*, 556 U.S. 418, 434 (2009). The Supreme Court has explained that the first two factors "are the most critical." *Id.*

With respect to the first factor, the Court of Appeals has stated that "[i]t is not enough that the chance of success on the merits [is] better than negligible." *Id.* (internal quotation marks and

citation omitted). Instead, it must be "substantial[.]" *Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc.*, 559 F.2d 841, 843 (D.C. Cir. 1977). The Court has also observed that a movant's failure to satisfy this stringent standard for demonstrating a likelihood of success on the merits is "an arguably fatal flaw for a stay application." *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n ("CREW")*, 904 F.3d 1014, 1019 (D.C. Cir. 2018) (per curiam); *see Ark. Dairy Co-op Ass'n, Inc. v. U.S. Dep't of Agric.*, 573 F.3d 815, 832 (D.C. Cir. 2009) (affirming the denial of injunctive relief where the plaintiff failed to show likelihood of success on the merits).

The second factor, similarly, requires more than the mere "possibility of irreparable injury." *Nken*, 556 U.S. at 434 (internal quotation marks and citation omitted). "Irreparable harm must be 'both certain and great[,]' and 'actual and not theoretical.'" *CREW*, 904 F.3d at 1019, quoting *Wis. Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985). Where there is a low likelihood of success on merits, a movant must show a proportionally greater irreparable injury, *see Cuomo v. U.S. Nuclear Regulatory Comm'n*, 772 F.2d 972, 974 (D.C. Cir. 1985), to warrant the "extraordinary remedy" of a stay. *Id.* at 978. The last two factors, "the harm to the opposing party and weighing the public interest . . . merge when the Government is the opposing party." *Nken*, 556 U.S. at 435.

Here, for all of the reasons stated in the order granting plaintiff's motion for temporary restraining order [Dkt. # 14], the order denying defendants' motion to stay the temporary restraining order [Dkt. # 19], and the memorandum opinion granting plaintiff's motion for summary judgment [Dkt. # 32], the Court cannot find that defendants have a substantial likelihood of success on the merits of their appeal given the undisputed violation of a clear statutory provision, and the close nature of the constitutional question which is not controlled by the cited authorities. Also, importantly, defendants have not met the high burden of demonstrating irreparable harm at this stage of the proceedings. Any harm to the President's Article II powers to appoint his own Special Counsel, the head of a unique agency with limited regulatory power and enforcement authority, can and will be remedied completely if the Court's decision is overturned. Finally, as noted in previous rulings, the public interest in the Special Counsel's independence outweighs the defendants' interests at this time.

For these reasons, defendants' motion to stay pending appeal [Dkt. # 36] is **DENIED**.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  March 3, 2025